## Philadelphia v. Walnut Street Three R Corp.

*Schulman & Schulman*, for appellant.

*David Berger*, for appellee.

PER CURIAM, November 10, 1961.—This matter is before us on an appeal from a decision of the Board

of License and Inspection Review. The facts as they appear from the record are as follows:

Applicant, who is the owner of a four-story building which is used for a law office and 15 apartments, applied to the Department of Licenses and Inspections (hereinafter referred to as the "department") for a building permit to replace an existing sheet metal bay window with one made of cinder block. The building in question is an old building and in some respects does not comply with the present requirements of the Philadelphia Building Code, but so long as no alterations are made to the building, the owner is not required by the code to bring the building into compliance. Section 4-213 of the code provides, however, that where alterations are made to an existing building, the entire building must then be brought into conformity with the requirements of the code. Accordingly, in reliance upon section 4-213 of the code, the department refused to grant the application for a building permit unless the entire building was brought into compliance with the code.

Applicant then filed a request for a variance; and, after a number of hearings were held upon this request before the Board of Building Standards, it found that a variance should be granted only if the applicant complied with certain conditions enumerated by the board. The department accepted the findings of the Board of Building Standards and ordered that a variance be granted upon the conditions specified.

Applicant thereafter filed an appeal to the Board of License and Inspection Review, contending that the conditions imposed by the department upon the grant of the variance were arbitrary and unreasonable, and requesting that the Board of License and Inspection Review reverse the department, and order that an unconditional variance be granted. The Board of License and Inspection Review held a hearing and then filed

an opinion in which it stated that, although it was sympathetic to applicant's position, it was bound by an opinion of the law department to the effect that the Board of License and Inspection Review had no power to grant the requested variance in this case. Relying, therefore, upon the opinion of the law department, the Board of License and Inspection Review refused applicant's request for a variance. The matter is now before us on an appeal from this decision of the Board of License and Inspection Review.

The opinion of the law department, upon which the Board of License and Inspection Review relied, was to the effect that the Board of License and Inspection Review does not have power to grant a variance where the Board of Building Standards has refused to recommend that a variance be granted. This opinion, in turn, was based upon the case of Denny Building Corporation Appeal, 387 Pa. 311, and §4-3008 of the Philadelphia Building Code. In order, therefore, to properly consider and determine the issue in this case, it is necessary to examine both the Denny case and the above-cited section of the Building Code.

In the Denny case, applicant had contended that section 5-1005 of the Philadelphia Home Rule Charter, which sets forth the powers and duties of the Board of License and Inspection Review, granted a general variance power to the board with respect to all decisions of the department. The court rejected this contention and held that section 5-1005 of the charter granted no such general variance power; and further held that the board could grant a variance where the department itself could have done so but had denied a variance.

Section 4-3008 of the Building Code provides as follows:

"(1) The *Department of Licenses and Inspections may* upon written petition *authorize a variance* from

the provisions of this Title with respect to buildings completed prior to May 9, 1949, where:

"(a) the Board of Building Standards finds that owing to extraordinary conditions a literal enforcement of this Title will result in unnecessary hardship or that extraordinary conditions make literal compliance impracticable; and

"(b) the variance will, in the opinion of the Board of Building Standards, vary only a reasonable minimum from the requirements of the Code; and

"(c)) the Board of Building Standards finds that the variance will comply with the spirit and intent of this Title and will protect the public safety.

"(2) Before a variance is granted, there shall be a public hearing before the Board of Building Standards.

"(3) The *recommendations of the Board of Building Standards* to the Department of Licenses and Inspections and the *decisions of the Department of Licenses and Inspections* shall be in writing and available for public examination." (Italics supplied.)

It is clear from the above-quoted section of the Building Code, and the conclusion is reinforced by section 5-1007 of the Philadelphia Home Rule Charter, that the Board of Building Standards is a departmental board within the Department of Licenses and Inspections, and its powers are merely advisory to the department. The power to grant a variance under the facts of the existing case, where the building in question was completed prior to May 9, 1949, is in the department. The Board of Building Standards merely makes recommendations to the department as to whether or not it believes the criteria of the code have been met, and whether, therefore, a variance should be granted. Thus, subsection (1) of section 4-3008 provides that "The Department of Licenses and Inspections may upon written petition authorize a variance . . ."; the subsection (3) refers to the "recommenda-

tions of the Board of Building Standards" and the "decisions of the Department of Licenses and Inspections."

Since, therefore, the power to grant a variance is vested in the department, under the Denny case, the same power resides in the Board of License and Inspection Review. In determining whether or not to grant a variance, that board is, of course, bound by the criteria set forth in subsections (a), (b) and (c) of section 4-3008(1) of the Building Code.

We hold, therefore, that the Board of License and Inspection Review had the power to grant the requested variance and should have considered and decided the case on the merits. The case is remanded to the Board of License and Inspection Review for further proceedings not inconsistent with this opinion.